MATTER OF ST. DEMETRIOS GREEK ORTHODOX CHURCH

In VISA PETITION Proceedings

A-12757532

*Decided by Deputy Associate Commissioner March 21, 1963*

**Urgent need within the contemplation of section 203(a)(1), Immigration and Nationality Act, does not exist when the beneficiary's services as a cantor, to be performed only during Sunday and holy-day ceremonies, are needed by petitioner church on less than a full-time basis and the beneficiary, in order to sustain himself and his family will be required to engage in additional unrelated work.**

The petitioner is a church located in Perth Amboy, New Jersey, with a parish consisting of 420 families. The services of the beneficiary are sought as a precantor during Sunday and holy day ceremonies.

The beneficiary is a 34-year-old native and citizen of Greece, who is married and has three children. He has the equivalent of a high school education. The sole document presented in support of his qualifications is a priest's certificate stating that the beneficiary had served as a precantor for St. Demetrios Church in Tripolis, Greece, for six years. During this period, from 1954 to 1960, he was also employed as a leather worker. In 1960, the beneficiary immigrated to Canada where he was employed in restaurants, cleaning establishments and leather shops. His passport reflects his occupation as a tanner.

The petitioner originally stated that one cantor is presently employed on a part-time voluntary basis, receives a percentage of the ceremony fees and tips, and is employed full-time in another field of endeavor. The petitioner stated that this individual was elderly, in poor health, and that the services of the beneficiary were desired to replace him; that it was impossible to find cantors in the United States; that the beneficiary's wages would be determined by the Board of Trustees and would probably be between $100 and $200 a month, and that the beneficiary would have to seek other employment to supplement these earnings in order to support his family adequately.

On September 12, 1962, the District Director denied the petition on

the ground that it had not been established that the beneficiary's services were urgently needed in the United States. The petitioner was informed on that date that the case had been certified to the Regional Commissioner. On October 31, 1962, the Regional Commissioner entered an order approving the decision of the District Director denying the petition. Thereafter, on January 22, 1963, the petitioner was informed that the case was being certified for review to the Deputy Associate Commissioner, Travel Control, Central Office. The case is now before us pursuant to this certification.

On January 29, 1963, after having received the latter notice of certification, the petitioner submitted a statement dated January 12, 1963, again expressing the urgent need for the beneficiary's services as a "cantor" and stating that the church now had two cantors, one of whom was disabled, and the other 76 years-of-age. This statement also alleges that the remuneration for the position is now $3,200 annually, plus free living quarters and tips.

In determining whether an urgent need exists for the beneficiary's services within the meaning of the statute, a reasonable interpretation must be applied. In the usual case, the petitioner seeks the services of the beneficiary on a full-time basis, and the beneficiary derives his livelihood from the services rendered for the petitioner. Such a petition normally would be approvable where it is shown that the beneficiary possesses the requisite skills, that the petitioner has an urgent need of the beneficiary's skills because of the latter's qualifications, and that the services rendered would benefit the national economy, cultural interests or welfare of the United States prospectively.

Where a petitioner requires a beneficiary's services on less than a full-time basis and the beneficiary will have to work elsewhere to sustain himself, a finding ordinarily may not be made that his services are "needed urgently" within the contemplation of section 203(a)(1) of the Immigration and Nationality Act. An exception to this rule may be made if it is established that the services which a beneficiary will perform for persons or organizations other than the petitioner require the same skills and qualifications, and that the beneficiary will be employed on what may be considered a full-time basis and will receive sufficient compensation to sustain himself and family from the work performed for the petitioner and the related work performed for others.

In the instant case, it has not been established that the beneficiary will devote his services full-time to the services to be performed for the petitioner or in related pursuits, or that he will derive sufficient income from such employment without the necessity of engaging in unrelated work in order to sustain himself and his family. The petitioner has, in fact, indicated that the beneficiary will have to engage

in such unrelated work to supplement the income which he will receive from the petitioner for the work the beneficiary will perform on Sundays and holy days only. The record clearly shows that there is only a part-time need for the services of the beneficiary in the field for which his services are sought. It is concluded that an urgent need for the beneficiary's services has not been established within the meaning of the statute, and that the visa petition was properly denied.

*It is ordered* that the decision of the Regional Commissioner be sustained and the petition denied.